UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL CHEATHAM,

        Petitioner,

v.                                Case No. 2:11-cv-457
                                       HON. ROBERT HOLMES BELL

JEFFREY WOODS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Michael Cheatham filed this petition for writ of habeas corpus challenging the decision not to award him good-time credits that he was eligible to earn while confined in the Michigan Department of Corrections prison system. Good- time credits reduce a prisoner's sentence term. In April 1983, Petitioner plead guilty to armed robbery, criminal sexual conduct, and felony firearm. Petitioner was sentenced to terms of 30 to 50 years for armed robbery, 40 to 60 years for criminal sexual conduct, and two years for felony firearm. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner filed a habeas corpus action in the Chippewa County Court in April 2010, that was denied on May 19, 2010, for the following reasons:

> Upon entering prison, inmates are given a good-time computation sheet that outlines how both regular and special good-time credits will affect their minimum and maximum sentences. When plaintiff entered the prison system in April 1983 to serve a sentence of 40 years to 60 years for Criminal Sexual Conduct-First Degree 750.520B with credit for 224 days, he was issued a good-time computation sheet. His special good-time date was calculated

> assuming plaintiff earned all available regular good-time by remaining misconduct free and was awarded all available good-time.
>
> Because of major misconduct convictions, plaintiff forfeited 3,514 days of good-time credits on his maximum sentence that resulted in a recalculation of his special good-time date. It is undisputed that, Warden Gerald Hofbauer, concurring with the recommendation of the good-time committee, denied all 3,514 days of special good-time that were available to be awarded.
>
> MCL 800.33 governs the earning of regular good-time and regular disciplinary credits and the awarding of special good-time and special disciplinary credits. Although the statute has been amended, the petitioner remains eligible to receive good-time.
>
> Under the provision of the MCL 800.33, the warden of an institution makes decisions regarding good-time in three specific areas. Under subsection 8 the warden can forfeit time for major misconduct convictions. Under subsection 10 the warden may restore good-time in certain limited categories upon the recommendation of the good-time committee and upon written approval of the deputy director in charge of the bureau of correctional facilities. Under subsection 12 the warden can award special good-time.
>
> A review of the record reveals the plaintiff has failed to establish that he was entitled as a matter of law to be awarded all available special good-time by the Warden. MCL 800.33 has always made an award of special good-time discretionary. In this case discretion was exercised and 3,514 days were forfeited. MCL 800.33(12) limits special good-time to a maximum of 50% of the amount of regular good-time that a prisoner has accumulated automatically by remaining misconduct free. At the time the special good-time award decision was made in the plaintiff's case, he forfeited a large amount of regular good-time credits because of major misconduct convictions.

Docket # 14, Opinion and Order of Dismissal at 2-3. Petitioner's motion for reconsideration was denied on June 11, 2010. Petitioner's appeal to the Michigan Court of Appeals was denied on December 29, 2010. Petitioner's late application for leave to appeal was rejected by the Michigan Supreme Court because it was filed beyond 56 days. Docket #11, Affidavit of Corbin R. Davis.

Petitioner claims that his petition was filed late in the Michigan Supreme Court because he was transferred to a different prison and was unable to get a jailhouse paralegal to help him file the appeal.

Petitioner raises the following claims in his petition:

I. Petitioner had a state created liberty interest to earned good time and forfeiture without due process violated the Fourteenth Amendment.

II. Forfeiture of Petitioner's earned and used good time pursuant to an amended statute violated the Ex Post Facto prohibition.

II. Forfeiture of nine years of Petitioner's special good time without proper hearing was an abuse of discretion and violation of due process.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that Petitioner failed to exhaust his claims or procedurally defaulted his claims because he never properly filed an appeal with the Michigan Supreme Court. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52.

The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

First, the court must determine whether there is a state procedural rule that is applicable to Petitioner's claim and whether Petitioner failed to comply with the rule. Michigan law clearly required that any application for leave to appeal to the Supreme Court be filed within fifty-six days after the lower court decision. MICH. CT. R. 7.302(C)(3). Michigan law does not provide for any extension of this period, and there are no reported cases indicating that the Michigan Supreme Court accepts late filings. The affidavit of the Clerk of the Michigan Supreme Court attests to the fact that Petitioner untimely filed his application for leave to appeal the decision to the Michigan Supreme Court, and Petitioner admits this fact in his petition.

The second consideration is whether the state courts actually enforce the procedural rule. This requirement is met when the last reasoned opinion of the state courts clearly relies upon a procedural bar that was firmly established and regularly followed at the time. *Ylst*, 501 U.S. at 803-05; *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998). In the present case, the last reasoned decision was the Michigan circuit court's denial of Petitioner's writ of habeas corpus. Where, as here, a state's highest court has never had the opportunity to address an issue because of Petitioner's own failure to properly raise it, this prerequisite for application of the doctrine of procedural bar is met. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Ferguson v. Knight*, 809 F.2d 1239, 1243 (6th Cir. 1987); *Brooks v. Edwards*, No. 95-3775, 1996 WL 506505, at *4 (6th Cir. Sept. 5, 1996).

Third, the federal court must determine whether the procedural ground is "adequate and independent."  This factor turns on the substantiality of the state interest involved.  Under Michigan law, this ground is "adequate," as it provides a complete preclusion to any further litigation of Petitioner's claims in the state courts.  The judgment of the Court of Appeals is now final, MICH. COMP. LAWS § 600.314, and all further state consideration of the issue is precluded under the doctrine of law of the case.  *See People v. Blue*, 444 N.W.2d 226, 227 (Mich. App. 1989); *People v. Douglas*, 332 N.W.2d 521, 523 (Mich. App. 1983); *People v. Whisenant*, 172 N.W.2d 524, 527 (Mich. App. 1969), *aff'd*, 187 N.W.2d 229 (Mich. 1971).  Consequently, no state remedies remain open to Petitioner on these defaulted claims.

All prerequisites for the invocation of a procedural bar are present in this case. Petitioner's failure to file an application for leave to appeal to the Michigan Supreme Court in the time allowed by law caused the Michigan Court of Appeals' judgment to become final.  The decision of the Michigan Court of Appeals is now binding on the issues presented by Petitioner and precludes any further consideration of those issues in the state courts.  *See Coleman*, 501 U.S. at 740-44 (untimely filing of notice of appeal constitutes procedural bar); *Brewer v. Fields*, No. 97-6103, 1998 WL 702329, at *2 (6th Cir. Sept. 23, 1998) (procedural bar where petitioner failed to present claims to state supreme court); *Stewart v. Monroe*, No. 96-5983, 1998 WL 57290, at *3 (6th Cir. Feb. 2, 1998) (same), *cert. denied*, 118 S. Ct. 2330 (1998); *Harrison v. Anderson*, No. 96-3296, 1997 WL 52906, at **1-2 (6th Cir. Feb. 7, 1997) (procedural bar where petitioner's action was rejected by state supreme court for failure to file a memorandum in support of jurisdiction). Petitioner has failed to show cause and prejudice for his procedural default of these claims. Petitioner has only himself to blame for failing to file a timely appeal of these issue to the Michigan Supreme Court.

In summary, the undersigned concludes that Petitioner's claims are procedurally defaulted and it is recommended that the Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds of default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2014